IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|                                                                                 |   |                          |
|---------------------------------------------------------------------------------|---|--------------------------|
| TOUCHCOM, INC. AND TOUCHCOM TECHNOLOGIES, INC.,<br><br>Plaintiffs,<br><br>- against -<br><br>BERESKIN & PARR AND H. SAMUEL FROST,<br><br>Defendants. |   | No. 1:07-cv-00114-JCC-TCB |

## **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

Plaintiffs Touchcom, Inc. and Touchcom Technologies, Inc. (collectively, "Touchcom") respectfully submit this reply in further support of their motion, pursuant to Federal Rule of Civil Procedure 54(b), for reconsideration of the portion of this Court's May 18, 2011 Memorandum Opinion [Dkt. No. 220] and Order [Dkt. No. 221] that granted Defendants' motion for summary judgment against Touchcom, Inc.

## **ARGUMENT**

Defendants' response to Plaintiffs' motion for reconsideration misses the point. Plaintiffs never suggested that their motion was based on new evidence not previously presented in opposition to Defendants' motion for summary judgment. Rather, it is clear that Plaintiffs' motion was based on the fact that the Court may have *overlooked* certain of the evidence previously submitted by Plaintiffs – including the full testimony and errata sheet submitted by Peter Hollidge, a declaration by Hollidge, and the deposition testimony and declaration of Touchcom's 30(b)(6) witness, A. Samuel Wakim – each of which calls into question the Court's conclusion that "Hollidge's deposition testimony strongly indicates that indeed, TI assigned all proceeds from

litigation enforcing patent rights," and shows that the existence of the alleged assignment (which was the only ground for inferring that TI gave up any right of recovery in Dresser) was an issue of fact that should have been left for the jury. (Mem. Op. at 54.) Because the Court did not reference any of those materials in its Memorandum Opinion – and instead stated that "Plaintiffs present no evidence to contradict Hollidge's statement" that the Court found "rais[ed] serious doubt as to whether TI retained any right to recover proceeds in *Dresser*," (Mem. Op. at 54-55) – it appears that the Court may have "misunderstood [Plaintiffs], … or has made an error not of reasoning but of apprehension," each of which are appropriate subjects for a motion for reconsideration. *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).

Finally, regardless of whether the Court grants Plaintiffs' motion for reconsideration with respect to the issue of TI's standing to sue, both Plaintiffs and Defendants agree that the issue of TI's standing was limited to the question of whether TI retained the right to recover damages in *Dresser* and therefore suffered injury. (Pl. Mem. at 13-14; Def. Opp. at 6.) Because both sides appear to agree that the issue of TI's standing did *not* involve the issue of whether TI had an attorney-client relationship with Defendants, Plaintiffs respectfully request that this Court reconsider its conclusion that "<u>no attorney/client relationship existed between Plaintiff Touchcom, Inc. and Defendant Bereskin & Parr</u>, meaning that Touchcom, Inc. is without standing to proceed in this matter." (Mem. Op. at 56 (emphasis added).)

Dated: June 27, 2011                            Respectfully submitted,

                                                                                /s  
                                          Daniel D. Prichard  
                                          VSB No. 45766  
                                          *Attorney for Plaintiffs Touchcom, Inc.*  
                                          *and Touchcom Technologies, Inc.*  
                                          DOW LOHNES PLLC  
                                          1200 New Hampshire Avenue, N.W., Suite 800  
                                          Washington, DC 20036-6802  
                                          Tel: (202) 776-2374  
                                          Fax: (202) 776-4374  
                                          dprichard@dowlohnes.com

- and -

Michael S. Shuster (*pro hac vice*)
Sheron Korpus (*pro hac vice*)
Alycia Regan Benenati (*pro hac vice*)
*Attorneys for Plaintiffs Touchcom, Inc.
and Touchcom Technologies, Inc.*
KASOWITZ BENSON TORRES &
FRIEDMAN LLP
1633 Broadway
New York, NY 10019
Tel: (212) 506-1700
Fax: (212) 506-1800

**CERTIFICATE OF SERVICE**

I hereby certify that, on this date, June 27, 2011, I will cause to be electronically filed the foregoing Plaintiffs' Reply in Support of Motion for Reconsideration using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Monplaisir G. Hamilton
Peter Strand
Shook, Hardy & Bacon L.L.P.
1155 F Street, NW, Suite 200
Washington, D.C. 20004-1305
mhamilton@shb.com
pstrand@shb.com

John H. Martin
J. Michael Heinlen
Thompson & Knight LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201
john.martin@tklaw.com
Michael.Heinlen@tklaw.com

/s
Daniel D. Prichard
VSB No. 45766
*Attorney for Plaintiffs Touchcom, Inc.
and Touchcom Technologies, Inc.*
DOW LOHNES PLLC
1200 New Hampshire Avenue, N.W., Suite 800
Washington, DC 20036-6802
Tel: (202) 776-2374
Fax: (202) 776-4374
dprichard@dowlohnes.com